UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISREAL SCHNITZLER, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>              -against-<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>      Defendant. | Civil Action Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff ISREAL SCHNITZLER ("Plaintiff"), a New York resident, bring this class action complaint by and through his attorneys, Varacalli & Hamra, LLP, against Defendant PHILLIPS 7 COHEN ASSOCIATES, LTD. (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## NATURE OF THE ACTION

1.      Plaintiff brings this class action on behalf of a class of consumers seeking redress for Defendant's illegal practices, in connection with the collection of a debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2.      Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the "FDCPA," which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3.      Plaintiff is seeking damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events

or omissions giving rise to the claim occurred in this Judicial District.

6. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of New York.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant is a corporation with a principal place of business in Wilmington, DE.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

13. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following nationwide consumer class (the "Class"):

- The class consists of all persons whom Defendant's records reflect were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about December 15, 2017 ; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to the MERRICK BANK CORPORATION ("Creditor"); and (b) the collection letter was not returned by the postal service as undelivered; (c) and Plaintiff asserts that the letter contained violations of the FDCPA.
- The Class period begins one year to the filing of this Action.

14. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from

Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that was sent to hundreds of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to

suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS SPECIFIC TO ISREAL SCHNITZLER

15. Defendant alleges Plaintiff owes a debt ("the debt").

16. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17. The debt was incurred on a credit card.

18. The debt was incurred on a credit card issued by Creditor.

19. Sometime after the incurrence of the debt Plaintiff allegedly fell behind on payments owed.

20. Thereafter, at an exact time known only to Defendant, the debt was assigned or otherwise transferred to Defendant for collection.

21. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the letter") dated December 15, 2017. ("**Exhibit A**.")

22. The letter states that the balance is "Balance: $942.82."

23. The letter states, "We will work to resolve this matter but cannot do so without speaking to you. Please contact us at this toll free number 866-321-2195."

24. The letter was the initial communication Plaintiff received from Defendant.

25. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### Count I & II
### Violations of 15 U.S.C. §§ 1692g, 1692e

26. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "25" herein with the same force and effect as if the same were set forth at length herein.

27. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28. One such request is that the debt collector provides Notice, which includes "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4).

29. This Notice is an important statutory right which must be effectively and clearly conveyed to the consumer.

30. The Notice must be sufficiently prominent to be readily noticed. It cannot be overshadowed by its placement, nor by other language or notices in the letter.

31. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

32. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

33. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

35. The letter states "We will work to resolve this matter but cannot do so without speaking to you. Please contact us at this toll free number 866-321-2195" and that is followed with "Sincerely, Phillips & Cohen Associates, Ltd."

36. The letter then has the validation language after the sign off.

37. Based upon the foregoing, the least sophisticated consumer could believe that they did not have the right to respond in writing, as required, especially due to the request to call being the focus of the letter.

38. Based upon the foregoing, the least sophisticated consumer could believe that they would have to communicate with Defendant over the phone since Defendant stated that they must speak to work out the problem and then providing the phone number to call.

39. Defendant failed to include language providing the option to write.

40. Defendant did not even express that the request to call in no way affected the consumer's validation rights.

41. Because of this failure, the least sophisticated consumer would likely be confused and uncertain as to whether they were required call to resolve the matter or if they could resolve the matter through a written response.

42. Because of this failure, the least sophisticated consumer can reasonably read this to mean, that unless a phone call is made, Defendant will not work with the Plaintiff to resolve this matter, even if the Plaintiff sent in a written dispute.

43. The least sophisticated consumer would reasonably believe that in order to have this debt verified, he or she must call Defendant, which would overshadow the consumers right to send in a written dispute requesting verification of the debt.

44. A collection letter is deceptive under §1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

45. Defendant's letter is in violation of 15 U.S.C. §§ 1692g(a) and 1692e(10) for overshadowing the Plaintiff validation rights within the thirty day period, and for engaging in deceptive and false practice.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendant as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives, and Jaclene Troisi, Esq., as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f. Defendant from future collection activity that would lead to violations of the FDCPA, including use of the form letter as portrayed in Exhibit A; and

g. Awarding Plaintiff and the Class such other relief that the Court determines is just and proper.

Dated: July 25, 2018

                      Respectfully submitted,

                      By: /s/ *Jaclene Troisi*
                      Jaclene Troisi, Esq.
                      Varacalli & Hamra, LLP

*Attorneys for Plaintiff*
32 Broadway, Suite 1818
New York, New York 10004
(646) 590-0571

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 25, 2018

Respectfully Submitted,
By: /s/ *Jaclene Troisi*
Jaclene Troisi, Esq.